**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUSTAVO CHAIREZ, | No. 08-71065 |
| Petitioner, | |
| v. | Agency No. A095-181-281 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Gustavo Chairez, a native and citizen of Mexico, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the denial of a motion to reopen, *Ordonez v. INS*, 345 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

777, 782 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Chairez's motion to reopen because the BIA considered the evidence submitted and acted within its broad discretion in determining Chairez did not show prima facie eligibility for relief under the Convention Against Torture. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought); *see also Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (the BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

We lack jurisdiction to review the BIA's denial of Chairez's motion to reopen based on further evidence of hardship to Chairez's son. *See Fernandez v. Gonzales*, 439 F.3d 592, 599-603 (9th Cir. 2006) (explaining that § 1252(a)(2)(B)(i) bars jurisdiction when question presented in motion to reopen is essentially the same hardship ground originally decided). We also lack jurisdiction to review Chairez's challenges to the agency's initial denial of cancellation of removal, because the petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

Finally, because the agency did not err, Chairez's due process contentions fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring agency error for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**